In re ESTATE OF HENRY SCHOOLER, WILLIAM H. BROWN *et al.*, Respondents, v. WILLIAM H. STARK, Administrator, Appellant.

St. Louis Court of Appeals, January 18, 1898.

1. **Decedent's Estate:** ORDER OF DISTRIBUTION: SETTLEMENT IN PROBATE COURT. The discharge of an order of distribution of an estate by the payment of certain sums found to be due the distributees of the estate by the judgment of the circuit court, did not relieve the executor of the estate, nor appellant as administrator *de bonis non*, from obligation to pay other sums shown to be due by the settlement in the probate court.

2. ———: FINAL SETTLEMENT: TRIAL BY JURY. The conditions for trial by jury are not presented by the final settlement of an administrator. *In re Estate of Meeker*, 45 Mo. App. 194.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*D. A. Ball* and *Clark & Dempsey* for appellant.

Appellant's right of trial by jury was not waived. R. S. 1889, sec. 2133; *Brown v. R. R.*, 37 Mo. 298; *Cox v. Moss*, 53 *Id.* 432; *Briggs v. R'y*, 111 *Id.* 168–175.

There was but one cause of action and respondents recovered part in suit against appellant's predecessor, and are not entitled to recover balance in this proceeding. *Hoyle v. Farquharson*, 80 Mo. 377; *Ruddle v. Horine*, 34 Mo. App. 394; *Lumber Co. v. Agr. & Mech. Soc.*, 59 *Id.* 24.

In order to have any standing respondents should have presented their claims and had them allowed or classified as demands against the estate of James W. Stark. R. S. 1889, sec. 223; *Carondelet v. Desnoyer's Adm'r*, 27 Mo. 36; *Gibson v. Vaughan*, 61 *Id.* 418–420; *Wernse v. McPike*, 100 *Id.* 476.

*W. H. Morrow* and *N. W. Morrow* for respondents.

BLAND, P. J.—In May, 1885, Henry Schooler died testate; his will was probated. By his will his children and grandchildren were made the distributees of his estate; the respondents are his grandchildren. James W. Stark, his son-in-law, was appointed executor of his will, and as such qualified and proceeded to administer the estate under the will. The will provided that moneys to be derived from claims against Aaron McPike, Samuel Sidwell *et al.*, be paid over directly to his son William H. Schooler, but that all other property going to his said son (under the will) should be held by a trustee. No restrictions or limitations were made as to any of the other legatees. On the fifteenth day of August, 1890, James W. Stark, as executor,

made his final settlement of the Schooler estate, which is as follows:

"Estate of Henry Schooler.   Final settlement.

GENERAL FUND.

| James W. Stark, Executor. | | Dr. |
|---|---|---|
| Balance due last settlement | | $1,812.81 |
| Estate of Wm. Estes | | 390.00 |
| Estate of Wm. Estes | | 224.25 |
| Stark & Weaver note | | 174.36 |
| R. Anderson, part of fee paid Judge Fagg | | 96.00 |
| L. A. Crow note | | 95.75 |
| Wm. H. Schooler, judgment in Louisiana Court Common Pleas | | 175.00 |
| Cash on hand at time of death | | 161.00 |
| | | $3,129.17 |

CREDITS.

| Commission on $1,316.36 | $65.81 | |
|---|---|---|
| M. S. Goodman, notice, V 1 | 4.50 | |
| Court fees | 7.05 | |
| Clark & Dempsey, attorneys | 30.00– | $107.36 |

Balance due estate ....................................$3,021.81
Distribution of above as follows:

Difference between amounts in deeds of trust made by
    Wm. H. Schooler on home farm, mentioned in will,
    and $3,000, being $364 first payment to children and
    family of Wm. H. Schooler per trustee the sum of...$364.00

| Mary S. Crow | 182 00 | |
|---|---|---|
| Wm. H. Brown | 182.00– | $728.00 |

| From balance of | $3,021.81 |
|---|---|
| Deduct | 728.00 |
| Leaves balance of | $2,293.81 |

Divided as follows:

| Catherine B. Stark, one third | $764.60 |
|---|---|
| Mary S. Crow, one sixth | 382.30 |
| Wm. B. Brown, one sixth | 382.30 |
| Children and family of Wm. H. Schooler, per trustee, one third | 764.60 |
| | $2,293.81 |

Estate of Henry Schooler.   Special fund arising from claims against Aaron McPike, Samuel Sidwell, etc., mentioned in the will.

| Balance due settlement August 10, 1896 | $603.05 |
|---|---|
| 1890.   Amount received on account of judgment against Aaron McPike | 646.80 |
| Total | $1,249.85 |

In re Est. of Schooler v. Stark.

CREDITS.

1887, commission on $646.80.. ........ . ...........$ 32.34
1888, Robinson and Farrell and Dempsey, services in
    Ralls county partition suit, V 1............ ...... 60.00
I. C. Dempsey, expenses, V 2...... .................. 6.25
1886, executor's expenses, Hannibal .... ........... 7.50
Mary S. Crow part of legacy, V 3 .......... .......... 101.75
Wm. H. Brown part of legacy, V 4.............. ...... 101.75
W. H. Schooler part of legacy, V 5......... ........... 66.55
W. H. Schooler part of legacy, V 6.................... 5.00
W. H. Schooler, judgment in Louisiana Court Common
    Pleas ordered paid out of legacy...............: 175.00
Costs in case..... .... . ......................... 5.00
Catherine B. Stark legacy........................... 201.00 –$762.14

    Balance due............. ....... ····...... ... .................$487.71

DISTRIBUTION.

Amount heretofore distributed .................. $656.05
Balance due as above. ....................... 487.71
                                                              $1,143.76
    Divided as follows:
Catherine B. Stark, one third..................... $381.25
Amount heretofore paid.... .................... 201.00

           Balance due . ..... ........... $180.25
Wm. H. Schooler, one third................... ... $381.25
Amounts heretofore paid, viz:
Amount per V 5 above.............. $ 66.55
Amount per V 6 above...... ....... 5.00
Judgment as above................ 175.00
Cost............, ...... ........ 5.00.✦... $251.55

                                           $129.70
Wm. H. Brown, one sixth. .. .................. $190.62½
Amount heretofore paid ........................ 101.75 88.87½

Mary S. Crow, one sixth ........................ $190.62½
Amount heretofore paid........................ $101.75 $487.70

          Balance due.

STATE OF MISSOURI, ⎫
                  ⎬ ss.
COUNTY OF PIKE. ⎭

    "James W. Stark, being sworn, says the above settlement and distribution are correct.

                                  "JAS. W. STARK."

Wm. H. Schooler, William H. Brown and Mrs. Crow, three of the distributees of the estate, filed the following exceptions to the settlement:

"1.    Said executor has failed to charge himself with cash on hand as per invoice $161 and five years' interest thereon, $40.25.

"2.    Said executor has failed to charge himself with interest on the balance in his hands of $1,812 from August 13th, 1888, $217.45.

"3.    Said executor has failed to charge himself with interest on $731.74 from August 9th, 1887, to August 13th, 1888, $43.90.

"4.    Said executor has failed to charge himself with interest on the sum of $603.05 from August, 1886, to August, 1887, $36.18.

"5.    Said executor has failed to charge himself with interest on the several sums collected from time of collection up to next settlement.

> "ELIJAH ROBINSON,
> "J. P. DICKINSON."

These exceptions were overruled by the probate court and an appeal was taken to the circuit court, where on hearing the circuit court found that the settlement of the executor was correct and approved the same; that upon the settlement the executor was indebted to the estate in the sum of $3,021.81, and that under the will of Schooler, the same should be distributed as follows:

| | |
|---|---:|
| To William H. Brown | $946.60 |
| Mary C. Crow | 946.60 |
| J. W. Stark, trustee for children and family of W. H. Schooler | 746.20 |
| To Catherine H. Stark | 382.20 |

From this order of distribution an appeal was taken to this court by Stark, the executor. On a hearing here the judgment of the circuit court was affirmed (see 47 Mo. App. 370). Pending the appeal the exec-

utor died and his son William H. Stark was appointed administrator of his estate and also administrator *de bonis non* of the estate of Henry Schooler, and as such on the seventeenth day of November, 1893, made his final settlement, which is as follows:

"Now at this day come William H. Stark, administrator *de bonis non* of the estate of Henry Schooler, and presents his accounts and vouchers for his final settlement.

| | |
|---|---:|
| Amount received from estate of James W. Stark | $2,400.10 |
| Amount paid out | |
| Wm. H. Brown, amount of judgment of circuit court | $1,000.13 |
| Mary S. Crow, amount of note for money advanced taken as part of judgment of circuit court | 109.22 |
| Balance judgment circuit court | 890.91 |
| Catherine B. Stark, amount of said judgment | 382.20 |
| Children and family of W. H. Schooler, per trustee, part of said judgment | 257.79 |
| Children and family of W. H. Schooler, per trustee, part of said judgment | 87.60 |
| Children and family of W. H. Schooler, per trustee, part of said judgment | 80.25 |
| Children and family of W. H. Schooler, per trustee, part of said judgment | 25.24 |
| Costs in the circuit court and court of appeals | 38.88 |
| | $3,167.54 |
| Balance due administrator | $ 767.44 |

Respondents object to this settlement, which being overruled they appealed to the circuit court, where, upon a rehearing by the court, a judgment was rendered in favor of the respondents. The circuit court found that there was in the hands of appellant as administrator of the estate of James W. Stark, a special fund received by Jas. W. Stark in his lifetime as executor of the estate of —— Schooler, and that of this fund there was due to each of the objectors the sum of $88.87½ with six per cent interest thereon from August 15, 1890 (the date of James W. Stark's final settlement of the

Schooler estate). From this judgment the adminis-
trator has duly appealed to this court.

It was admitted on the trial in the circuit court
that the objectors had not received $80.87½ from
the special fund which the final settle-
ment of James W. Stark of August 15,
1890, showed to be due them. It is con-
tended by appellant that the judgment of
the court on appeal from the final settlement of James
W. Stark as executor of the will of Schooler which
found the distributive shares of each of the respondents
(conceded to have been paid in full), is a bar to any
claim by either of them for an additional distribution
from the Schooler estate. While the settlement as a
whole was taken into the circuit court by the appeal,
there were no exceptions filed as to the executor's settle-
ment of this special fund, and it is obvious that the spe-
cial fund was not counted in the order of distribution
made by the court.

The settlement showed a balance of $3,021.81 due
to the estate on account of the general fund. This
was the precise amount found to be due by the circuit
court, and is made the basis of the order of distribu-
tion. The settlement, as made in the probate court,
shows that the amount due each of the respondents
from the special fund was $88.87½. The court took
no notice of the settlement as to this special fund
except to approve it for the reason obviously that no
exceptions were made to this branch of the settlement,
and the court's attention was not called to it. We are
supported in this view by the opinion of Judge Biggs,
who wrote the opinion in *Brown v. Stark*, 47 Mo. App.
*loc. cit.* 373. Our conclusion is that the $88.87½
shown to be due the respondents from the special fund
in Stark's final settlement, is not included in the order
of distribution made by the circuit court, and that its

**DECEDENT'S**
estate: order of
distribution: set-
tlement in pro-
bate court.

adjudication of the settlement did not embrace this branch of the settlement any further than it was found to be correct, and left it as approved by the probate court. It follows that a discharge of the order of distribution by the payment of the sums found to be due to the respondents by the judgment of the circuit court did not relieve Stark as executor of the estate of Schooler, nor appellant as administrator *de bonis non* of that estate from obligation to pay these other sums shown to be due by the settlement in the probate court. It is contended by appellant that respondents should have first presented their claims to the probate court for allowance against the estate of James W. Stark. When appellant became the administrator *de bonis non* of the estate of William H. Schooler he began where his predecessor left off, and he assumed the payment of the amounts due to these respondents, as shown by the final settlement of his predecessor, so far as he has or can discover assets available for that purpose, and in the absence of a contrary showing, the presumption is that his predecessor had the funds on hand to make distribution of what he reported due to the distributees of the estate. No showing to the contrary was shown in this case by any satisfactory evidence.

The appellant claims that he was entitled to a trial by jury, and that the record does not show that he waived this right. Section 298 of the Re-

FINAL settlement: vised Statutes of 1889, requires the circuit
trial by jury.

court on an appeal from a probate court of a final settlement, to hear, try and determine the settlement anew. We can not imagine how the final settlement of an administrator could be tortured into raising issues properly triable by a jury. Where there are two parties to a controversy and issues of fact are made up by some sort of pleadings speaking generally, the right of trial by jury is given. These conditions

are not presented by the final settlement of an administrator.  The nature of the proceedings in our probate court are not generally such as to require the intervention of a jury.  Where such conditions do arise the probate law specially provides for a jury trial.  *In re Estate of Meeker*, 45 Mo. App. *loc. cit.* 194, it was said:  "The final settlement of a dead man's estate in the probate court is analogous to a proceeding to take an account before a master in chancery."  This case is followed in *Finley v. Schlucter*, 54 Mo. App. *loc. cit.* 455.  This, we think, is the correct view of such settlements.

Judgment affirmed.  All concur.